# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                     Plaintiff,

v.

Anthony Ray Gandy,

                     Defendant.

_____/

Case No. 15-20338

Judith E. Levy
United States District Judge

Mag. Judge Mona K. Majzoub

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION ON RESIDENTIAL REENTRY CENTER PLACEMENT [264]

In March 2017, a jury found Defendant Anthony Ray Gandy guilty of numerous offenses, including mail fraud, conspiracy to commit mail fraud, aggravated identity theft, and conspiracy to commit identity theft. (ECF No. 132.) The Court sentenced Defendant to a total of 80 months in custody on January 23, 2018. (ECF No. 215.) Defendant began serving his sentence on February 27, 2018, and is currently incarcerated at Federal Medical Center (FMC) Lexington in Lexington, Kentucky. (ECF

No. 257, PageID.3660.) His current release date is projected to be October 27, 2023. (*Id.*)

On June 23, 2020, the Court denied Defendant Anthony Ray Gandy's motion for compassionate release. (ECF No. 258.) On August 12, 2020, the Court denied Defendant's subsequent motion for home confinement because it did not have authority to grant the requested relief. (ECF No. 263.) Defendant now seeks a judicial recommendation for residential reentry center (RRC) placement. (ECF No. 264.) For the foregoing reasons, Defendant's motion is DENIED WITHOUT PREJUDICE.

Under the Second Chance Act of 2007, Pub. L. No. 110–199, § 251, 122 Stat. 657 (2008), the Director of the Bureau of Prisons (BOP) may place an incarcerated individual in an RRC up to twelve months prior to their release. 18 U.S.C. § 3624(c)(1); *see also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). Such placement is intended to "afford that [individual] a reasonable opportunity to adjust to and prepare for the reentry of that [individual] into the community." 18 U.S.C. § 3624(c)(1). While the First Step Act of 2018 elaborated on the appropriate risk assessment levels for individuals placed in prerelease custody, it did not

alter BOP's authority to make determinations related to prerelease custody or provide individuals with a right to RRC placement. Pub. L. No. 115–391, § 102, 132 Stat. 514 (2018); *see also United States v. Parks*, No. 1:17CR137, 2019 WL 5085968, at *2 (N.D. Ohio Oct. 10, 2019).

In determining whether placement in a residential reentry center or other prerelease custody is appropriate, BOP conducts an individualized assessment based on the five factors set out in § 3621(b). 28 C.F.R. § 570.22; *see also Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009). One of those factors is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate."[1]  18 U.S.C. § 3621(b)(4). However, "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in

---

[1] Courts in this District are divided over whether issuing such a recommendation after sentencing is appropriate. *Compare United States v. Hall*, No. 2:17-CR-20331-TGB, 2019 WL 3334564, at *1 (E.D. Mich. July 25, 2019) (Berg, J.) (recommending defendant serve the last 12 months of his sentence in an RRC) *with United States v. Tipton*, No. 14-20142, 2018 U.S. Dist. LEXIS 49178, at *2 (E.D. Mich. Mar. 26, 2018) (Edmunds, J.) ("Defendant has not shown that the Court has authority to make a judicial placement recommendation."). However, the text of § 3621(b)(4) does not limit judicial recommendations to those made at sentencing. Instead, it provides that BOP must consider "*any statement* by the court that imposed the sentence"—not just those made at sentencing. 18 U.S.C. § 3621(b)(4) (emphasis added).

3

a community corrections facility shall have no binding effect" on BOP. 18 U.S.C. § 3621(b); *c.f. Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015).

The appropriate time period for a judicial recommendation of this nature is 17 to 19 months before an individual's projected release date, when BOP conducts its review for potential RRC placement. *See Galvin v. Sepanek*, No. 12-CV-119-HRW, 2014 WL 4230467, at *2 (E.D. Ky. Aug. 25, 2014) (quoting *Ramirez v. Eichenlaub*, No. 06–CV–1493, 2008 WL 4791892, 3 (E.D. Mich. Oct. 30, 2008)); *see also Hall*, 2019 WL 3334564, at *1 (noting that Hall's previous motion for a judicial recommendation had been denied because he was not within 17 to 19 months of his projected release date). By adopting BOP's timeline for determining the appropriate length of RRC placement, a court ensures that it has a more complete record of the defendant's time in custody before making its recommendation.

Defendant has served approximately 32 months of his original 80-month sentence and will not be eligible for placement in an RRC until October 27, 2022, at the earliest. (*See* ECF No. 257, PageID.3660, 3673) The Court applauds Defendant for his efforts thus far to gain skills that

will assist him in being productive and successful following his release. However, because there are still more than 35 months until Defendant's protected release date, his motion for a recommendation from the Court is premature.

Accordingly, Defendant's motion for a judicial recommendation for RRC placement is DENIED WITHOUT PREJUDICE. Defendant may renew this motion with the Court when he is within 19 months of his projected release date.

IT IS SO ORDERED.

Dated: October 29, 2020                    s/Judith E. Levy
Ann Arbor, Michigan                        JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2020.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager