UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

              Plaintiff,        Case No. 15-cr-20338-3

v.                                 Judith E. Levy
                                   United States District Judge

Anthony R. Gandy,

              Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [294] AND DENYING DEFENDANT'S REMAINING MOTIONS [280, 286] AS MOOT**

Before the Court is Defendant Anthony R. Gandy's motion for early termination of supervised release. (ECF No. 294.) For the reasons set forth below, the Court grants Defendant's motion.

I.    **Background**

From approximately February 2009 to August 2013, Defendant and several co-conspirators engaged in a scheme to defraud the Internal Revenue Service ("IRS") by submitting fraudulent tax returns for 21

fictitious trusts. As a result of this scheme, Defendant and his co-conspirators illegally obtained $360,469.05 from the IRS.

On June 9, 2015, Defendant was indicted on 29 counts, including conspiracy to commit mail fraud, mail fraud, interstate transportation of money taken by fraud, conspiracy to commit identity theft, aggravated identity theft, and engaging in an illegal monetary transaction. (ECF No. 1.) On March 2, 2017, a jury found Defendant guilty of Counts 1, 9, 12, 16, 19–21, 32–35, 38, 41, 44, and 53 and not guilty as to Counts 3, 7, 8, 10, 14, 17, 24, 27, 28, 31, 36, 43, and 46. (ECF No. 132.) On January 23, 2018, the Court sentenced Defendant to "56 months on Counts 1, 9, 12, 16, 19-21, 32-35, 44 and 53, to be served concurrently; and 24 months on Counts 38 and 41 to be served concurrently, but consecutively to Counts 1, 9, 12, 16, 19-21, 32-35, 44 and 53," which resulted in "a total sentence of 80 months." (ECF No. 215, PageID.2950.) The Court also imposed a term of supervised release: "3 years on Counts 1, 9, 12, 16, 19-21, 32-35, 44 and 53; and 1 year on Counts 38 and 41." (*Id.* at PageID.2951.) Defendant appealed his conviction, and the Sixth Circuit affirmed. *See United States v. Gandy*, 926 F.3d 248, 254 (6th Cir. 2019).

Defendant began serving his custodial sentence on February 27, 2018. During Defendant's incarceration, the COVID-19 pandemic arose, and Defendant submitted several *pro se* motions seeking compassionate release, home confinement, or a judicial recommendation for placement in a residential reentry center ("RRC"). (ECF Nos. 253, 259, 264, 280, 286.) The Court did not grant any of Defendant's motions.[1]

On January 14, 2022, Defendant began serving his term of supervised release.[2] On July 6, 2023, the Court received a *pro se* motion from Defendant requesting early termination of his supervision. (ECF No. 294.) On July 31, 2023, the Government filed a response opposing early termination. (ECF No. 296.) In a memorandum to the undersigned,

---

[1] On June 23, 2020, the Court denied Defendant's motion for compassionate release. (ECF No. 258.) On August 12, 2020, the Court denied Defendant's motion for home confinement. (ECF No. 263.) On October 29, 2020, the Court denied Defendant's motion for a judicial recommendation on RRC placement. (ECF No. 268.) Defendant subsequently filed a renewed motion for a judicial recommendation for a twelve-month RRC placement (ECF No. 280) and a motion to amend the judgment for compassionate release. (ECF No. 286.) Those motions remain pending.

[2] In his motion, Defendant states that he has been on supervised release since January 18, 2022. (*See* ECF No. 294, PageID.4073.) However, in a memorandum to the undersigned, the Probation Department confirmed that Defendant's supervision commenced on January 14, 2022.

3

the Probation Department indicates it has no objection to Defendant's motion being granted.

## II. Legal Standard

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In evaluating whether to terminate a defendant's term of supervised release, the Court considers "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). These factors are

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> . . . ;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . . ;
>
> (4) the kinds of sentence and the sentencing range established for—

4

> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; or
>
> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ;
>
> (5) any pertinent policy statement—
>
> (A) issued by the Sentencing Commission . . . ;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *United States v. Suber*, 75 F. App'x 442, 443–44 (6th Cir. 2003). However, "[t]he phrase 'the interest of justice' gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *Id.* at 444 (citing *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999)). Therefore, "a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *Id.* The Court's decision "must

5

demonstrate consideration of the relevant factors even if the court does not describe its analysis of each factor." *United States v. Zai*, No. 22-3371, 2022 WL 17832201, at *5 (6th Cir. Dec. 21, 2022) (citations omitted).

### III. Analysis

Defendant has now served more than eighteen months on supervised release. As such, Defendant has satisfied the entirety of his one-year term of supervised release on Counts 38 and 41 (aggravated identity theft) and more than half of his three-year term of supervised release on the remaining counts.

During this period of supervision, Defendant has demonstrated exemplary conduct. In his motion, Defendant explains: "Since I['ve] been home I've maintained a full-time [job] with the City of Detroit and have complied [with] everything asked of me from my probation officer, from paying my restitution monthly, no police contact, and reporting on time monthly and no fail[ed] urine test[.]" (ECF No. 294, PageID.4073.) The Probation Department confirms that Defendant has been employed full-time as a field technician for the City of Detroit Water and Sewerage Department since January 31, 2022, has timely made monthly payments towards his outstanding financial obligations, has not had any

6

documented violations or police contact while under supervision, and has continually provided negative drug screens. Defendant has also completed the required substance abuse treatment assessment, did not require further treatment, and is not currently accessing substance abuse or mental health resources through supervision. Additionally, the Court notes that Defendant's conduct on supervised release is a continuation of his complete compliance during more than 31 months on pretrial release in this case.

Nevertheless, the Government opposes early termination, asserting that "[t]his Court has a right to expect compliance on supervised release from every defendant" and that "[c]ompliance with supervision for a year-and-a-half is not so exceptional as to warrant early termination." (ECF No. 296, PageID.4078, 4079.) The Government further contends that "the § 3553(a) factors, including the need to protect the public and provide adequate individual deterrence, continue to support the three-year term of supervised release." (*Id.* at PageID.4080.) In particular, the Government emphasizes Defendant's efforts to conceal the conspiracy and "that the crimes were committed while Defendant Gandy was on [state] supervision for another fraud offense." (*Id.*) Further, the

7

Government argues that Defendant fails to "identify any substantial hardship from supervision." (*Id.* at PageID.4079.)

The Court concludes that early termination of Defendant's term of supervised release is appropriate. As the Government acknowledges in its response, "[t]he purpose of supervised release is to assist defendants with reintegration into society." (*Id.*) Indeed, the undersigned regularly encourages defendants during sentencings to seek early termination of supervised release if they are in full compliance with the conditions of their supervision and can demonstrate successful reintegration into the community. In this case, Defendant's conduct while on supervised release (and previous conduct while on pretrial release) demonstrates a consistent and successful effort to reintegrate into society. Despite the Government's suggestion to the contrary, Defendant's supervision has placed substantial limitations on his liberty. These include limits on Defendant's ability to travel outside the Eastern District of Michigan and to engage in certain financial transactions. (*See* ECF No. 215, PageID.2952–2953.) Defendant is also subject to reporting obligations and limitations on certain social interactions, among other requirements. (*See id.*) It is not in the interest of justice to continue such restrictions

8

when Defendant has demonstrated that he is now a productive, law-abiding member of society.

With respect to the § 3553(a) factors, the Court finds that further supervision of Defendant is unnecessary to protect the public from additional crimes or to provide Defendant with programming or treatment. *See* 18 U.S.C. § 3553(a)(2)(C)–(D). Nor is supervision needed to provide restitution for the victim of the offense, as Defendant is in full compliance with his payment plan and will be obligated to continue making payments after his supervision ends. *See id.* § 3553(a)(7). Additionally, the eighteen months Defendant has already served on supervised release, along with the substantial custodial sentence imposed in this case, are sufficient to reflect "the nature and circumstances of the offense and the history and characteristics of the defendant" and to specifically deter Defendant from engaging in similar criminal conduct. *See id.* § 3553(a)(1), (a)(2)(B). And given that an eighteen-month term of supervision falls within the Guideline range of one to two years calculated in Defendant's presentence investigation report, the Court finds that the risk of unwarranted disparities in sentencing is minimal. *See id.* § 3553(a)(4), (a)(6).

Accordingly, considering Defendant's conduct, the interests of justice, and the applicable § 3553(a) factors, the Court concludes that early termination of Defendant's term of supervised release is warranted.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendant Anthony R. Gandy's motion for early termination of supervised release. (ECF No. 294.) Defendant's remaining term of supervised release is TERMINATED.

Because Defendant is no longer in custody, the Court also DENIES Defendant's motion for a judicial recommendation for a twelve-month RRC placement (ECF No. 280) and Defendant's motion to amend the judgment for compassionate release (ECF No. 286) as MOOT.

IT IS SO ORDERED.

Dated: August 2, 2023　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge


## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 2, 2023.

<u>s/Holly Ryan</u>
HOLLY RYAN
Case Manager, in the absence of
WILLIAM BARKHOLZ